In The United States District Court
For The Middle District of Alabama
[Southern Division]

Basil Caddle #181545
[Petitioner]

v.s.

Gwendolyn Mosley, et. AL
[Respondants]

Case # CV-565-WKW

RECEIVED
2006 JUL 10 A 10:02
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Motion To Continue With
U.S.C. 2254.

Comes now Basil Caddle files the motion to Continue with U.S.C. 2254, filed June 2006. This being the proper motion to file with supporting evidence. To ask this Honorable Court to Reconsider his writ.

### Grounds

[#1.] "New evidence to support his issues that all state courts has hidden from petitioner."

Petitioner has ask Houston County numeros times for this peace of evidence, filed all sorts of motions in effect to this Petitioner now sends this Honorable Court a full copy of this in support of his writ and to let Petitioner to Continue with it in court. Enclosed is a copy of Medical Report & Alabama Forensic Sciences Report. The Forensic Science Report has been withheld ever since begining of trial

[#2.] Petitioner has in all due cause been in the state courts for eleven (11) years has been turned down twice in two different courts, twice in the Supreme Court of Alabama. Enclosed is the dates of some most of my paper work is missing threw being moved from one camp to another. These reports of the "forensic" have been withheld for the state knew that they could never have gotten a conviction for rape or any other charge. The mother was mad at petitioner so this was the only way she could get back at petitioner.

## Conclusion

Petitioner prays this honorable court will consider this evidence closely because, the forensic report could have in every way with the doctors report cleared petitioner from these outragous charges. Petitioner is not going to say in anyway that the two grounds are a rebuttal to this honorable courts decision. What petitioner is trying to say he is begging for this writ to be acknoledged. Petitioner does understand the 373 U.S., Rule 9 of F.R.Cr.P. The requirements of [373. U.S. at 15, Rule 9.] is that the prior determination of the same grounds has been on merits. This requirement is in 28.U.S.C.§2244(b) and has been reiterated in many cases since [Sanders] see [Gains v. Allgood, 391, F.2d, 692, (5th Cir. 1968)] [Hutchinson v. Craven, 415. F.2d, 278 (9th Cir 1969)] [Brown v. Peyton, 435, F.2d, 1352 (4th Cir, 1970)]

With reference to a succesive application asserting a new ground or one not previously decided on merits, the court in Sanders noted: In either case, full consideration of the merits of the new application can be avoided only if there has been an abuse

OF THE WRIT AND THIS THE GOVERNMENT HAS THE BURDEN OF PLEADINGS. [373, U.S. At 18, Rule 9]

READS AS FOLLOWS IN SANDERS, 18(sic) U.S.C. § 2244 AND SUBDIVISION (b.) MAKE IT CLEAR THAT THE COURT HAS DISCRETION TO ENTERTAIN A SUCCESIVE APPLICATION, AND THE BURDEN IS ON GOVERMENT TO PLEAD ABUSE OF WRIT SEE (SANDERS V. UNITED STATES, 373, U.S. 1, 10, 1963) [DIXON V. JACOBS, 427, F.2d, 589, 596 (D.C., Cir. 1970)] [JOHNSON V. COPINGER, 420, F.2d, 395 (4th Cir, 1969)] ONCE THE GOVERMENT HAS DONE THIS, [THE] PETITIONER HAS THE BURDEN OF PROVING THAT HE HAS NOT ABUSED WRIT. IN [PRICE V. JOHNSTON, 334 U.S. 266, 292 (1948)]

[373, U.S. At 18]

THERE ARE INSTANCES IN WHICH PETITIONER'S FAILURE TO ASSERT A GROUND IN A PRIOR PETITION IS EXCUSABLE, OR A RETROACTIVE CHANGE IN A LAW AND NEWLY DISCOVERED EVIDENCE.

DUE TO THE APPLICATION OF [373, U.S. Rule 9 SANDERS] PETITIONER WISH THE COURT TO EXCEPT THIS NEW GROUND, BECAUSE OF THE FORENSIC SCIENCE OF ALABAMA REPORT STATED AS NEWLY DISCOVERED EVIDENCE.

NEW GROUND: THE STATE OF ALABAMA, HOUSTON COUNTY CIRCUIT COURT THE OFFICE OF THE DISTRICT ATTORNEY, WITHHELD EVIDENCE, THAT WAS PERTENT TO HIS THE PETITIONERS CASE.

## Notary

Sworn to and subscribed before me this ____ day, month of July, year 2006.

Notary _____  Petitioner Basil Caddle

My comm expires 6-7-20b

I declare under penalty of purjury that the foregoing is true and correct to the best of my knowledge.

Executed: 6-7-206  Petitioner: Basil Caddle