

**ALABAMA DEPARTMENT OF**
**FORENSIC SCIENCES**

CARLOS L. RABREN
DIRECTOR

JAMES M. BUTTRAM, Ph.D.
DEPUTY DIRECTOR

MONTGOMERY REGIONAL LABORATORY
LABORATORY SERVICES
P.O. BOX 2344
MONTGOMERY, AL 36102-2344
(205) 242-2938
FAX 240-3284

OFFICE OF THE MEDICAL EXAMINER
P.O. BOX 240591
MONTGOMERY, AL 36124-0591
(205) 242-3093
FAX 260-8734

Allan D. Stilwell, M.D.
James R. Lauridson, M.D.
State Medical Examiners

Richard A. Roper, Ph.D
Laboratory Director

SERVICES

Forensic Drug Chemistry
Forensic Pathology
Forensic Serology
Trace Evidence Examination
Firearms/Toolmarks Examination
Documents Examination
Crime Scene Investigation

July 8, 1994

Re: Case 02-94-MG-52018
Krystal O. Rogers, subject
Juvenile
Basil E. Caddle, suspect

MEMORANDUM: To File

BY: William H. Landrum, Forensic Scientist

SUBJECT: Serological Examinations and Analyses

April 1, 1994, the undersigned received one sealed cardboard box containing evidence identified as relative to the above styled case from Investigator T. J. Phillips of the Dothan Police Department, via first class mail. The following is a description of the evidence and results of serological examinations and analyses.

1. One sexual assault evidence collection kit containing the following evidence identified to be from Krystal Rogers.

    A. One white envelope for vaginal swabs and smear containing:

        1. One (1) white cardboard box holding four (4) swabs. examination and analyses of the swabs were negative for blood, semen, and spermatozoa.

        2. One (1) microscope slide mailer holding one (1) smear. Examination and analyses of the smear were negative for spermatozoa.

    B. One (1) white envelope for rectal swabs containing:

        1. One (1) white cardboard box holding two (2) swabs. Examinations of the swabs were negative for semen.

        2. One (1) microscope slide mailer holding one (1) smear. Examinations of the smear were negative for spermatozoa.

FORENSIC SCIENCES INVOLVE THE APPLICATION OF SCIENCE AND MEDICINE TO THE PURPOSES OF JUSTICE

Page 2
Case 02-94-MG-52018
Serological Examinations and Analyses

    C.  One (1) white envelope for genital swabbing containing gauze. Examination and analyses of the gauze were negative for semen and spermatozoa.

    D.  One (1) white envelope for fingernail scrapings containing one folded sheet of white paper holding a small amount of debris. Examination and analyses of the contents were negative for blood.

    E.  Three (3) white envelopes identified to contain hair samples.

    F.  One (1) white envelope for known blood sample containing one (1) tube of blood. No serological analyses were performed on the blood.

    G.  One (1) white envelope for known saliva sample labeled in part, "N/A."

    H.  One (1) white envelope for oral swabs and smear labeled in part, "N/A."

    I.  One (1) white envelope for debris collection labeled in part, "No Debris Noted."

2. One (1) white paper bag for undergarments identified to be from Krystal Rogers containing one (1) pair of panties and one (1) bra. Examination and analyses of the panties and bra were negative for blood and semen.

3. One (1) white paper bag for outer clothing identified to be from Krystal Rogers containing one (1) robe. Examination and analyses of the robe were negative for blood and semen.

4. One (1) white paper bag for outer clothing containing one (1) pair of pajamas shorts and top. Examination and analyses of the shorts and top were negative for blood and semen.

5. One (1) white paper bag for foreign material.

6. One (1) sealed sexual assault evidence collection kit identified to contain evidence from Basil Caddle. No serological analyses were performed on the evidence.

7. One (1) white paper bag for outer clothing identified to be from Basil Caddle. No serological examinations or analyses were performed on the clothing.

8. One (1) white paper bag identified to be from Basil Caddle. No serological examinations or analyses were performed on the clothing.

WHL/yyw

*William H. Landrum* (signature)

IN THE CIRCUIT COURT OF __Houston__ COUNTY, ALABAMA
NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS OF ALABAMA

__Basil Caddle #181545__,
APPELLANT,

VS.

STATE OF ALABAMA,
APPELLEE.

CASE NO. __94-000443-60__

__9/30/2004__
DATE OF DENIAL

## NOTICE OF APPEAL

Notice is hereby given that __Basil Caddle__ appeals to the above - named court from the judgment of denial of __HIS RULE 32 PETITION THAT WAS ENTERED ON 9/30/004__ ENTERED IN THIS CAUSE ON THE __30__ day of __STEPEMBER, 2004__, 20____.

__Basil Caddle #181545, EASTERLING CORRECTIONAL FAC.__
__200 WALLACE DRIVE CLIO ALABAMA 36017__

Dated: __10/6/2004__

I am, this date, serving a copy of the foregoing on all parties required by the A.R.A.P., via United States Mail, first class and proberly addressed.

Respectfully submitted,

__BASIL EVAN CADDLE__

# Court of Criminal Appeals
### State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555

FRANCIS ALLEN LONG, SR.
Presiding Judge
H. WARD McMILLAN
SUE BELL COBB
JEAN WILLIAMS BROWN
PAMELA W. BASCHAB
Judges


RELEASED MAY 8 1998
CLERK
ALA COURT CRIMINAL APPEALS

Clerk's Office
(334) 242-4590

## MEMORANDUM

CR-97-0569

Houston Circuit Court No. CC-94-443.60

Basil Evan Caddle v. State

**Appeal Dismissed.** On October 27, 1997, the appellant, Basil Evan Caddle, filed a Rule 32, Ala.R.Crim.P., petition for post-conviction relief in the Houston Circuit Court, challenging his 1995 conviction for first-degree rape. At this time, he also filed a motion to prosecute the petition in forma pauperis. The circuit court did not act upon the appellant's motion to prosecute the petition in forma pauperis, and no filing fee in the amount prescribed in § 12-19-71(3), Ala. Code 1975, was paid for the Rule 32 petition. See § 12-19-70(b), Ala. Code 1975. Nevertheless, the circuit court issued an order dismissing the Rule 32 petition on the ground that it was filed after expiration of the two-year limitations period of Rule 32.2(c), Ala.R.Crim.P.[1] This court has recently held that "absent payment of the filing fee or approval of the in forma pauperis declaration, the circuit court does not acquire subject matter jurisdiction" to rule on a post-conviction petition. Goldsmith v. State, [Ms. CR-96-2142, December 17, 1997] ___ So.2d ___, ___ (Ala.Cr.App. 1997). Accordingly, the circuit court's order dismissing the appellant's Rule 32 petition was a nullity. Id. at ___.

"[M]andamus, and not appeal, is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition." Goldsmith, ___ So.2d at ___. Therefore, the appellant's appeal is due to be dismissed.

All the judges concur.

---

[1]We note that this court affirmed the appellant's rape conviction by memorandum opinion issued on December 1, 1995, and that a certificate of final judgment was issued on April 25, 1996. Therefore, the appellant's Rule 32 petition was, in fact, filed within the two-year limitations period of Rule 32.2(c), Ala.R.Crim.P.

# IN THE SUPREME COURT OF ALABAMA



May 13, 2005

**1040716**

Ex parte Basil Caddle. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Basil Caddle v. State of Alabama)   (Houston Circuit Court: CC94-443.62; Criminal Appeals : CR-04-0071).

## CERTIFICATE OF JUDGMENT

## Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

BOLIN, J. - Nabers, C.J., and See, Harwood, and Stuart, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 13th day of May, 2005

*Robert G. Esdale, Sr.*
Clerk, Supreme Court of Alabama

/bb

# THE STATE OF ALABAMA -- JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

CR-04-2418

Basil Caddle v. State of Alabama  (Appeal from Houston Circuit Court: CC94-443.63)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on January 27th 2006:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 15th day of February, 2006.

Clerk
Court of Criminal Appeals
State of Alabama

cc: Hon. C. Lawson Little, Circuit Judge
Hon. Judy Byrd, Circuit Clerk
Basil Evan Caddle, Pro Se
Bettie J. Carmack, Asst. Atty. Gen.

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
  Clerk
Sonja McKnight
  Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

February 4, 2005

CR-04-0071

Basil Caddle v. State of Alabama  (Appeal from Houston  Circuit Court: CC94-443.62)

## NOTICE

You are hereby notified that on February 4, 2005 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

                                                    **Lane W. Mann, Clerk**
                                                  **Court of Criminal Appeals**

cc: Hon. Judy Byrd, Circuit Clerk
    Basil Evan Caddle, Pro Se
    Bettie J. Carmack, Asst. Atty. Gen.

EXHIBIT (E)

11-21-01

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges


NOV 21 2001

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-00-2476     Houston Circuit Court No. CC-94-443.61

Basil Evan Caddle v. State of Alabama

SHAW, Judge.

Basil Evan Caddle appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1995 conviction for rape in the first degree and his resulting sentence of 99 years' imprisonment. This Court affirmed Caddle's conviction and sentence on direct appeal in an unpublished memorandum issued on December 1, 1995. See Caddle v. State, (CR-94-1312) 682 So. 2d 526 (Ala. Crim. App. 1995) (table). The Supreme Court denied certiorari review and a certificate of judgment was issued on April 19, 1996.

On October 27, 1997, Caddle filed the present Rule 32 petition, accompanied by a motion to prosecute the petition in forma pauperis. The circuit court never ruled on Caddle's in forma pauperis motion, but purportedly denied the petition on October 28, 1997. In an unpublished memorandum issued on May 8, 1998, this Court dismissed Caddle's appeal from the summary denial of his petition, holding that the circuit court lacked jurisdiction to deny the petition without first ruling on Caddle's in forma pauperis motion. See Caddle v. State, (CR-97-0569) 738 So. 2d 941 (Ala. Crim. App. 1998) (table). On July 5, 2001, Caddle filed a mandamus petition with this Court, requesting that we order the circuit court to rule on his in forma pauperis motion. Subsequently, on July 25, 2001, the circuit court granted Caddle's motion to prosecute his petition in forma pauperis and Caddle's petition was stamped as filed on that date by the circuit clerk. The circuit court appointed counsel to represent Caddle and scheduled a hearing

for September 11, 2001. However, on August 6, 2001, after the State had filed a response to the petition on August 2, 2001, the circuit court summarily denied Caddle's petition. On August 7, 2001, the circuit clerk stamped as filed Caddle's motion to amend his Rule 32 petition and its accompanying amendment in which Caddle presented an additional claim that was not presented in his petition. The record reflects that the circuit court did not rule on Caddle's motion to amend.[1] This Court dismissed Caddle's mandamus petition on August 8, 2001.

On appeal, the State argues that all of the claims presented in Caddle's petition are time-barred by Rule 32.2(c), Ala.R.Crim.P., because, it says, the petition was filed on July 25, 2001, the day the circuit clerk stamped the petition as filed after the circuit court granted Caddle's motion to proceed in forma pauperis. However, it is clear from the record that Caddle's petition was filed on October 27, 1997. In his petition, Caddle indicated that he was placing the petition in the prison mail system on October 27, 1997, and the record reflects that the circuit court attempted to deny the petition on October 28, 1997. Merely because the October 28, 1997, denial was a nullity due to the circuit court's failure to rule on Caddle's in forma pauperis motion does not affect the date the petition was actually filed. A Rule 32 petitioner is considered to have "filed" his Rule 32 petition when he gives the petition to prison officials for mailing. See, e.g., Ex parte Powell, 674 So. 2d 1258, 1259 (Ala. 1995); and Allen v. State, [Ms. CR-00-0647, May 25, 2001] ___ So. 2d ___ (Ala. Crim. App. 2001). Therefore, contrary to the State's contention, Caddle's claims are not time-barred by Rule 32.2(c), Ala.R.Crim.P.

In his petition, Caddle contended that his trial counsel was ineffective for allegedly failing to request a jury instruction on the lesser-included offense of sexual abuse in the first degree and for allegedly failing to interview or subpoena the victim's physician or to request a continuance so that the physician could be present to testify. Caddle also contended that his appellate counsel was ineffective for not arguing on appeal that there was a fatal variance between his indictment and the proof presented at trial in that the State

---

[1] We note that Caddle claims on appeal that the circuit court granted his motion to amend his Rule 32 petition. In support of this, he cites to page 43 of the clerk's record, which contains a photocopy of a portion of the case action summary stating "motion granted." However, the record reflects that the circuit court's statement was referring to Caddle's counsel's motion to withdraw, not Caddle's motion to amend.

-2-

indictment and the proof presented at trial in that the State had failed to prove forcible compulsion. In his August 7, 2001, amendment to his petition, Caddle argued that his appellate counsel was also ineffective for not filing a motion for a new trial or a motion to extend the time for filing a motion for a new trial in order to raise the above-listed claims of ineffective assistance of trial counsel and to preserve them for review on direct appeal.

On appeal, Caddle does not pursue his claim that his appellate counsel was ineffective for not arguing on appeal that there was a fatal variance between the indictment and the proof at trial in that the State had failed to prove forcible compulsion. Therefore, that claim is deemed to be abandoned. See Brownlee v. State, 666 So. 2d 91, 93 (Ala. Crim. App. 1995) (holding that "[w]e will not review issues not listed and argued in brief.")

Caddle contends, however, that the circuit court erred in summarily denying his petition without conducting an evidentiary hearing because, he says, the two claims of ineffective assistance of trial counsel presented in his petition and the claim of ineffective assistance of appellate counsel presented in the amendment to his petition are meritorious on their face.

At the time of Caddle's conviction and sentence, the Ex parte Jackson, 598 So. 2d 895 (Ala. 1992), procedure was in effect and Caddle was represented by different counsel at trial and on appeal. Ex parte Jackson was overruled by Ex parte Ingram, 675 So. 2d 863 (Ala. 1996). Therefore, Caddle's claims of ineffective assistance of trial counsel should have been raised in a motion for a new trial in order to preserve them for review on direct appeal and they are now procedurally barred by Rules 32.2(a)(3) and (a)(5), Ala.R.Crim.P. See, e.g., Hartzog v. State, 733 So. 2d 461 (Ala. Crim. App. 1997); and Bryant v. State, 724 So. 2d 51 (Ala. Crim. App. 1997). Because these claims are barred, the circuit court properly denied them without conducting an evidentiary hearing.

In addition, Caddle's claim in the amendment to his petition that his appellate counsel was ineffective for not utilizing the Ex parte Jackson procedure and presenting his claims of ineffective assistance of trial counsel in a motion for a new trial and then pursuing them on direct appeal is not properly before this Court for review. As noted above, Caddle's motion to amend and its accompanying amendment was stamped as filed on August 7, 2001, one day after the circuit court had summarily denied his petition. Although Caddle indicated in his motion that he was mailing it on August 4, 2001, this Court has held that a Rule 32 petitioner's

-3-

amendment to his petition is deemed filed the day it is received in the circuit clerk's office, not the day the petitioner gives it to prison officials for mailing. See Allen, supra. Therefore, Caddle's claim of ineffective assistance of appellate counsel in the amendment to his petition was not timely presented to the circuit court and is not properly before this Court on appeal.

Based on the foregoing, the judgment of the circuit court is affirmed.

Affirmed by memorandum.

McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.

# COURT OF CRIMINAL APPEALS

STATE OF ALABAMA

JUDICIAL BUILDING, 300 DEXTER AVENUE

P. O. BOX 301555

MONTGOMERY, AL 36130-1555

SAM TAYLOR
Presiding Judge
JOHN PATTERSON
H. WARD McMILLAN
FRANCIS A. LONG, SR.
SUE BELL COBB
Judges

Office of the Clerk
(334) 242-4590

Court of Criminal Appeals No. **94-1312**
(Houston Circuit Court No. CC-94-443)

**Basil Evan Caddle**        vs.        **State of Alabama**
Appellant                                                Appellee

Dear Sir or Madam:

You are hereby notified that on **January 19, 1996**, the following indicated action was taken in the above-styled cause by the Court of Criminal Appeals of Alabama:

Application for rehearing **overruled**. Rule 39(k) motion **denied**.

LANE MANN
CLERK
COURT OF CRIMINAL APPEALS

RECEIVED
JAN 2 2 1996

CHARLES DECKER
P O BOX 5541
DOTHAN AL 36302

EXHIBIT "B"

EXHIBIT C

# CHARLES D. DECKER
### ATTORNEY AT LAW

262 WEST MAIN STREET, SUITE 2
DOTHAN, ALABAMA 36303
TELEPHONE (334) 702-2725

REPLY TO:
P.O. BOX 5541
DOTHAN, ALABAMA 36302
TELECOPIER: (334) 702-2919

April 25, 1996

Mr. Basil Caddle
AIS # 181545
Cell 6, Bed 116
Draper Correction
P.O. Box 1107
Elmore, Alabama 36025-1107

RE:  Basil Caddle vs. State of Alabama

Dear Mr. Caddle:

    Please be advised that the Alabama Supreme Court has denied our Petition for Certiorari on April 19, 1996. I would like to discuss this matter further with you, and I ask that you contact me by telephone at your earliest convenience so that we can do so. Please be advised that I will accept a collect telephone call from you, provided that the call is made during normal business hours and that I am present in my office to accept your call.

    I look forward to hearing from you in the near future.

Very truly yours,

Charles D. Decker

CDD\ss

# OFFICE OF THE ATTORNEY GENERAL



**BILL PRYOR**
ATTORNEY GENERAL
STATE OF ALABAMA

ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130
AREA (334) 242-7300

February 27, 1998

Honorable Lane W. Mann
Clerk
Alabama Court of Criminal Appeals
P. O. Box 301555
Montgomery, Alabama  36130-1555

RE:  Basil Caddle v. State of Alabama
     Criminal Appeals Number  97-0569
     Date Due After Extension - March 6, 1998

Dear Mr. Mann:

   Pursuant to the provisions of Rule 31(d), A.R.A.P., the appellant respectfully requests that an extension of seven additional days be allowed for the filing of its brief.  I have been involved in other work in the appellate courts, the circuit courts, and the federal district courts; therefore, I have not had sufficient time in which to prepare the state's Brief and Argument upon due date.

   I am, this date, mailing a copy of this request for an extension of time to the opposing attorney.

                              Very truly yours,

                              BILL PRYOR
                              ATTORNEY GENERAL
                              BY-

                              *Cedric B. Colvin*

                              CEDRIC B. COLVIN
                              ASSISTANT ATTORNEY GENERAL


     cc:  BASIL CADDLE

CBC/le

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P. O. BOX 301555
MONTGOMERY, AL 36130-1555

SAM TAYLOR
Presiding Judge
JOHN PATTERSON
H. WARD McMILLAN
FRANCIS A. LONG, SR.
SUE BELL COBB
Judges

Office of the Clerk
(334) 242-4590

Court of Criminal Appeals No. 94-1312
(Houston Circuit Court No. CC-94-443)

**Basil Evan Caddle**          vs.          **State of Alabama**
Appellant                                    Appellee

Dear Sir or Madam:

You are hereby notified that on **January 19, 1996**, the following indicated action was taken in the above-styled cause by the Court of Criminal Appeals of Alabama:

Application for rehearing **overruled.** Rule 39(k) motion **denied.**

LANE MANN
CLERK
COURT OF CRIMINAL APPEALS



CHARLES DECKER
P O BOX 5541
DOTHAN AL 36302

| State of Alabama Unified Judicial System | PLEA OF NOT GUILTY AND WAIVER OF ARRAIGNMENT | Case Number |
|---|---|---|
| Form C-69  Rev 6/88 | | CC94-443 |

IN THE _Circuit_ COURT OF _Houston_ COUNTY

STATE OF ALABAMA v. _Basel Caddle_

COMES NOW the Defendant in the above styled matter, and to the offense charged enters a plea of Not Guilty

Defendant further waives the right to have an Arraignment at which the Defendant is present in person, or at which the Defendant is represented by an attorney.

But, the Defendant specifically and expressly reserves the right upon the filing hereof to hereafter, but before trial or before such date as may be set by the Court, to interpose any special pleas or additional pleadings which the Defendant had the right as a matter of law or rule to interpose in this cause, prior to the filing hereof.

Defendant's date of birth is _4/14/52_. Defendant's age is _42_.
The Defendant is not eligible for consideration by the Court for Youthful Offender status as provided by law.

Date _7/18/94_

Date _7/18/94_

Defendant _Basil Caddle_

Attorney for Defendant _Gene Spann_

This is to certify that I am the Attorney for the Defendant in this matter, and that I have fully explained this form and all matters set forth herein, and pertaining hereto, to the Defendant. I have explained to the Defendant his right to be Arraigned in person and his right to have me represent him at Arraignment. I further certify to the Court that my client hereby knowingly, voluntarily, and intelligently waives these rights after a full and complete explanation of each and every one of them to him by me. BOTH MYSELF AND THE DEFENDANT UNDERSTAND THAT I AM RESPONSIBLE FOR ASCERTAINING WHAT DATE, IF ANY, HAS BEEN SET BY THE COURT FOR THE MAKING OR FILING OF ANY ADDITIONAL PLEADINGS OR SPECIAL PLEAS. I FURTHER UNDERSTAND THAT I AM RESPONSIBLE FOR NOTIFYING MY CLIENT OF THE DATE HIS CASE IS SET FOR TRIAL, AND THAT I HAVE ADVISED AND INFORMED HIM THAT IN THE EVENT HE FAILS TO APPEAR ON THE DATE HIS CASE IS SET FOR TRIAL, ALL APPROPRIATE LEGAL ACTION WILL BE TAKEN BY THE COURT AGAINST THE DEFENDANT AND HIS BOND. I further certify to the Court that I have advised my client that he is responsible for obtaining the date his case is set for trial in this matter and that in the event he fails to appear on the date his case is set for trial all appropriate legal action will be taken by the Court against the Defendant and his bond, and I hereby certify that the Defendant knows that he is personally responsible for obtaining the date his case is set for trial and for being present in Court on that date.

Date _7/18/94_

Attorney for Defendant Signature _Gene Spann_

Printed Attorney's Name _Gene Spencer_

Address _Dothan, AL_

This is to certify that my Attorney has explained each and every matter and right set forth in this form and I have completely and fully read and do so understand each and every matter set forth in this form. I further state to the Court that I do not wish to be personally present at an Arraignment in this case and that I do not want to have an Attorney represent me at an Arraignment and WITH FULL KNOWLEDGE OF EACH OF THESE RIGHTS, I HEREBY EXPRESSLY WAIVE SUCH RIGHTS. I further state to the Court that I have been informed of the charge against me.

Date _7/18/94_

Defendant Signature _Basil Caddle_

Filed in office this date _____

Clerk _____ By: _____

[Stamp: FILED IN CLERK'S OFFICE HOUSTON COUNTY, ALABAMA JUL 25 PM 1:51 '94 Judy Byrd]

# CHARLES D. DECKER
### ATTORNEY AT LAW

262 WEST MAIN STREET, SUITE 2  
DOTHAN, ALABAMA 36303  
TELEPHONE (334) 702-2725

REPLY TO:  
P.O. BOX 5541  
DOTHAN, ALABAMA 36302  
TELECOPIER: (334) 702-2919

January 22, 1996

Mr. Basil Caddle  
AIS # 181545  
Cell 6, Bed 116  
Draper Correction  
P.O. Box 1107  
Elmore, Alabama 36025-1107

RE:  Basil Caddle vs. State of Alabama

Dear Mr. Caddle:

    Please find enclosed a copy of the letter I received from the Court of Criminal Appeals, wherein they denied our Motion for rehearing. We will file a Motion for Certiorari at the appropriate time.

    If you have any questions, please do not hesitate to give me a call.

Very truly yours,

Charles D. Decker

CDD\ss  
Enclosure

# SUPREME COURT OF ALABAMA



Robert G. Esdale
 Clerk
Lynn Knight
 Assistant Clerk

Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 242-4609

## 1040716

Ex parte Basil Caddle.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Basil Caddle v. State of Alabama)   (Houston Circuit Court: CC94-443.62; Criminal Appeals : CR-04-0071).

### NOTICE

You are hereby notified that your case has been docketed.  Future correspondence should refer to the above Supreme Court case number.  The petition for writ of certiorari was filed with the Supreme Court on 02/15/2005

### AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE

Counsel and parties should review recent amendments to the Alabama Rules of Appellate Procedure.

Appellate Mediation:  On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil cases.  On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules.  The rules can be accessed at http://www.judicial.state.al.us.  Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

Form Requirements for Documents filed with the Court:   The rules amendments, effective June 1, 2002, may be found in the advance sheets of the Southern Reporter dated December 20, 2001, and in the volume of the Alabama Reporter containing cases from 798 - 804 So.2d.

```
     Please note that one recent rule amendment requires that
briefs be set in Courier New 13.  See Rule 32(a)(5), Ala. R.
App. P., as amended.  This paragraph is typed in Courier New
13.
```

Petitions for Writ of Certiorari:  Major changes have been made to Rules 39 and 40, governing petitions for writ for writ of certiorari and applications for rehearing.  PLEASE FAMILIARIZE YOURSELF WITH THESE CHANGES.  See, Douglas Inge Johnstone, The Two Most Common Fatal Defects in Petitions for Writs of Certiorari, 64 Ala. Lawyer 3 (May 2003) and Celeste Sabel, Forget Everything You Knew About Alabama Certiorari Practice, 64 Ala. Lawyer 6 (September 2003).