IN THE UNITED STATES DISTRICT
COURT, MIDDLE DISTRICT, ALABAMA
[SOUTHERN DIVISION]

RECEIVED
2007 MAR -2 A 9:56
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT
CASE 1:06-CV-565-WKW

BASIL CADDLE #181545
[PETITIONER]

VS.

GWENDOLYN MOSLEY et al
[RESPONDENTS]

[
[
[
[
[
[
[
[

## Motion For Writ of Mandamus

Comes now Basil Evans Caddle petition This Honorable Court for a Writ of Mandamus, under U.S.C.A. 28, § 1361 Rules of Federal Procedure of the Courts. This is the proper "writ" to file to presume action on matters of this court. Which was a U.S.C. 2254 filed on June 26, 2006.

#1.                                    "Reasons"

The U.S.C. 2254 that was filed in this court middle district of Alabama met all standards of this court.

#2. Petitioner met all scopes of (Slack) Test.

#3. Petitioner argued the adaptability of a successive petition in the United States District Court (Middle District) of Alabama.

#4. Petitioner never knew what the other inmate was filing when he filed the U.S.C. 2254 in (2004).

## ISSUE #1 AND #2

Every section of Slack both counts merits. Merits was Houston County not giveing Petitioner all evidence which was ask for in his discovery, which was part [1] of Slack's. Part [2] was the legal aspects of District Attorney putting words in wittness mouths and coceading the testimony of victim which was proved, that she and her mother both lied blantly on the stand.

## ISSUE #3 AND #4

Under 373, U.S. At 15, Rule 9 reads as follows, The requirements is that the prior determination of the same grounds has been on the merits, This requirement is in 28 U.S.C. § 2244(b) and has been reiterated in many cases since Sanders see.

(Gains V. Allgood, 391, F.2d, 692, (5th Circuit 1968)
(Hutchinson V. Craven, 415, F.2d, 278 (9th Circuit 1969)
(Brown V. Peyton, 435, F.2d, 1352 (4th Circuit, 1970)

With reference to a succesive application asserting a new ground or one not previously decided on the merits, The Courts in Sanders noted: In either case, Full consideration of the merits of the new application can be avioded only if there has been an abuse of the writ, Which there has been no abuse by the petitioner, The other Inmate said it was OK, Petitioner never knew what was in any way being done, He was takeing someones word who was Asigned to the Law Library by the Department of Corrections at Draper Ficility.

373, U.S. At 18, Says
- There are Instances in which Petitioner's failure to assert a ground in a Prior [Petition] is excusable, A retroactive change in a law and newly discovered evidence, As the Petitioner asserted about the forensic report.

## Conclusion

Petitioner prays this Honorable Court has a hearing or consider this [Writ of Mandamus] under Rules of Procedure (28 U.S.C.A. §1361) see the following cases in reference to the Writ of Mandamus.

[NEBEL v. NEBEL, 241, N.C. 491, 85, S.E. 2d, 876, 882]
[COHEN v. FORD, 19, PA, Cm Wlth, 417, 339, A. 2d, 175, 177]
[MC.CLELLAN v. CARLAND, 217, U.S. 268, 30, S.ct, 501, 503, 54, L.ED, 762]
[EXPARTE FAHEY, 332, U.S. 258, 259, 67, S.ct, 1558, 1559, 91, L.ED, 2041]

Petitioner was completely without knowledge of what this other inmate was doing to him by not ansering the petition from the court but now he does. Petitioner is from another country not America. And his Constitutional Rights was so violated by Houston County Ala. because he did not know the law. Please I beg you let me complete my remidies in the Middle District of Ala. Montgomery. I have all ideals they will give me some relief if only they could hear the truth.

# List of Cited Laws

#1. Walker v. Jones, 10, F.3D, 1569 (11th Cir, 1994)

#2. Howard v. Davis, 815, F.2d, 1429, (11th Circuit, 1987)

#3. People v. Bowen, 791, F.2d, 861, (11th Cir, 1986)

#4. Smith v. State, 443, So.2d, 1347 (Ala. Crim. App. 1983).

#5. Burk v. State, 611, So.2d, 487 (Ala. Crim. App. 1992).

#6. Jackson v. State, 471, So.2d, 516 (Ala. Crim. App. 1985).

#7. Ex Parte O'Leary, 417, So.2d, 232 (Ala. 1982)

#8. Pate v. State, 601, So.2d, 210 (Ala. Crim. App. 1992)

#9. Ross v. State, 581, So.2d, 495 (Ala. 1991)

#10. Ex Parte Williams, 571, So.2d, 987 (Ala. 1990)

#11. Bland v. State, 601, So.2d, 521 (Ala. Crim. App. 1992), on Return After Remand, 605, So.2d, 849

#12. Ex Parte, Frith, 526, So.2d, 880, 882, (Ala. 1987) (Emphasis Added)

#13. Smith v. State, 623, So.2d, 369 (Ala. Crim. App. 1993).

#14. Pate v. State, 601, So.2d, 210 (Ala. Crim. App. 1992).

#15. Gray v. Green, 728, F.2d, 350 (7th Cir, 1985)

#16. Griffin v. Atkin, 725, F.2d, 1226 -1235-36 (4th Cir 1985)

#17. Adams v. United States, Ex. Rel. McAnn, 317, U.S. 269, 275, 276, (1942)

#18. McMann v. Richardson, 397, U.S. 759, 771, N.14, (1970)

#19. Strickland v. Washington, 446, U.S. 668, 104, S.Ct, 2052, 80, LED, 2d, 274 (1984)

#20. Walker v. Lockhart, 807, F.2d, 136 (8th Cir, 1986)

#21. Eggleston v. United States, 298, F.2d, 324, 376 (9th Cir, 1986)

#22. Wade v. Armontrout, 798, F.2d, 304, 307, (8th Cir, 1986)

#23. Hopt v. Utah, 255, 220, N

#24. State v. Cora, 213, Kan, 184, 515, P.2d, 1086, 1093

#25. Ex Parte, Therton, 723, So.2d, 436 At 430, (Ala 2000)

#26. Williams v. State, 383, So.2d, 547, 555 (Ala Crim. App, 1979) Affirmed, 883, So.2d,

#27. 564 (Ala 1980).

[Index]

ISSUE #(1)            Summary of (Ineffective Assistance
                         Case          of Counsel)

On July 1st, 1994 the Grand Jury of Houston County, Alabama indicted Basil Caddle for [First Degree Rape] in violation of Section 13A-6-61, Alabama Code (1975).

On July 25th, 1995 Trial Counsel filed a written waiver of Arraignment and a plea of Not Guilty, in the Circuit Court of Houston County, Alabama, on March 13th, 1995, Basil Caddle was called before a Jury in the Circuit Court of Houston County, Alabama, for the purpose of Trial. In which the Jury found Basil Caddle Guilty of (First Degree Rape), as charged in the Indictment.

On April 11th, 1995, The Circuit Court of Houston County, Alabama sentenced Petitioner to a term of (99) Ninety Nine Years. On April 17th, 1995, Trial Counsel filed a Motion to withdraw as Basil Counsel. Trial Counsel was Ineffective, (1) He never once ask for a Order asking for Dr. David Williams to testify into the effects of his exam of Victim, did not Cross examine States Wittness's Basicily He didn't Do Anything. Then He drop as Attorney when Trial and Sentenceing was over. He was Totally Deficent Performance. See the following (Case)(Walker v. Jones, 10, F.3D, 1569 (11th Cir. 1994). In order for Appellant to have a meritorious claim of Ineffective Assistance of Counsel, the Acts or omissions of Counsel must fall outside the wide range of Professional Competent Assistance; There must be lack of Judgement, and Resulting Prejudice to the Appellant. In [Howard v. Davis, 815, F.2d, 1429 11th Circuit, 1987] The Petitioner must show that there is Reasonable Probabilty But for Counsels Unprofessional Errors, the Results of the Proceedings would have been Different. [People v. Bowen, 791, F.2d, 861 (11th Cir. 1986]

[Page-1]

In case at bar, the Petitioner's trial counsel did not request any jury instructions for a lesser included offense. The evidence in the case, particularly that of the attending physician, indicates that there was in fact no penetration as required by the statutory offense Rape First Degree. The pelvic examination conducted by the doctor stated or states that the hymen showed no evidence of contusion, bleeding or membrane interruption.

The evidence which supported the lack of penetration should have been presented and considered by the jury in a lesser or included offense of sexual abuse or "dismissed totally." In fact presenting the jury with just two (2) possible alternatives. (1) Guilty of Rape First Degree and (2) Not Guilty of Rape First Degree. Under the facts in this case, this reduced the Petitioner's trial to a farce and sham and created a mockery of justice. See Smith v. State, 443, So.2d, 1347 (Ala. Crim. App. 1983) There was a reasonable basis for the theory of a lesser included offense, based on the evidence presented to the "jury", and trial counsel's failure to explore this reasonable theory prejudiced the Petitioner. (See) (Burk v. State, 611, So.2d, 487 (Ala. Crim. App. 1992) "There was a great reasonable probability that the jury would have rendered a verdict of a lesser included offense or dismissal altogether.

There was variance in the proof as compared to the allegations in the indictment. The statements that were made and have been entered as the States proof of record (do not) show forcible compulsion or penetration. Which the State did show definitely the age of the alleged victim as being ten (10) years old. But they used that as an element of the alleged crime, rather that as a age requirement, which would have

[Page-2]

Brought a charge under a different code section. Which would have been under new indictment or a amendment to. We can say that based upon this that there is a variance in the proof and the allegations of the indictment.

SEE: (Jackson v. State, 471, So.2d, 516 (ALA Crim. App. 1985)

[AMENDED INDICTMENT] "THE PROCESS"
(PART II)
[APPELLATE COUNSEL]

Appellate Counsel's failure to argue the meritorious issue of forcible compulsion to the Court of Criminal Appeals and present the issue of penetration to the trial court in a motion for new trial constituted a <u>denial of effective assistance of counsel</u>.

A party who seeks reversal on appeal must preserve error for review by the proper procedural mechanisms. (Ex Parte O'Leary, 417, So.2d, 232 ALA, 1982). States a review on appeal is limited to matters properly and timely raised at trial. (Pate v. State, 601, So.2d, 210 (ALA Crim App 1992) Therefore, it is incumbent upon counsel to adequately preserve alleged errors in a proceeding by making an appropriate and timely objection. (Ross v. State, 581, So.2d, 495 (ALA. 1991)
(Ex Parte Williams, 571, So.2d, 987 (ALA. 1990). In order to adequately preserve an issue for appellant review, counsel must first preserve an issue for appellant review, counsel must first afford the trial court with an opportunity to consider the issue. (Bland v. State, 601, So.2d, 521 (ALA. Crim. App. 1992), on Return After Remand, 605. So.2d. 849.

[Page-3]

It is well established that a statement of specific grounds waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.
(Ex Parte Frith, 526, So.2d, 880, 882, (Ala 1987)(Emphasis Added)
(See Also: Smith v. State, 623, So.2d, 369 (Ala.Crim.App. 1993)

Appellant Attorney and Trial Attorney never argued pertaint issue, merits, grounds for reversal. Trial attorney wouldn't even have defendants witness's brought to court. They set their, the District Attorney, said, did, whatever he wished no action on the defendants behalf by his attorney. Defendant in every way could have done better hisself.

Moreover, counsel cannot change or add new grounds on appeal (Pate v. State, 601, So.2d, 210 (Ala.Crim.App. 1992)
Had appellant counsel properly argued the meritorious issue of [Forcible Compulsion] to the Criminal Court of Appeals there is probability the petitioner's conviction and sentence would have been reversed, or an order for a new trial would have been ordered.

In (Gray v. Green, 228, F.2d; 350 (7th.Cir, 1985) The Court held the following:

(1.) If appellant counsel has failed to raise a significant and obvious issue (failure could be reviewed as deficient performance), and (2.) If the issue not raised may have resulted in reversal of conviction, or an order for a new trial, the failure was prejudicial.
See (Griffin v. Atkin, 725, F.2d. 1226 - 1235-36 (4th Cir 1985)
[Page-4]

If a petitioner alleges that appellant counsel failed to raise viable issues, the court must examine the trial record to determine whether appellant counsel failed to present significant and obvious issues. (Gray v. Green, supra, ID, At 352) Petitioner's allegations that appellant counsel's failure to raise meritorious issues must contain citations to the trial record and cases supporting that contention.

<u>If the trial court finds significant issues which could have been raised, these issues should be compared with those raised to determine whether the issue not raised are clearly stronger than those presented. (Gray v. Green, Id, At 352) If the issues not raised are stronger than those presented, the presumption of effective assistance will be overcome (Gray v. Green, supra, ID, At 352)</u>

In a long line of cases the Supreme Court has recognized that the (Sixth Amendment Right To Counsel) exist, and is needed, in order to protect the fundamental right to a fair trial. The Constitution guarantees a fair trial through the (Due Process Clause), but it does defines the basis elements of a fair trial largely through the several provisions of the (Sixth Amendment), including the Counsel Clause. Thus, a fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding, In (Adams v. United States ex. rel. McAnn, 317, U.S. 269, 275, 276 (1942). The Right To Counsel is the right to effective assistance of counsel. (McMann v. Richardson, 397, U.S. 759, 771, N. 14 (1970)

[Page-5]

The standard by which ineffective assistance of counsel claims are to be evaluated was promulgated by the United States Supreme Court in (Strickland v. Washington, 446, U.S. 668, 104 S.ct 2052, 80, L.Ed, 2d, 274 (1984) wherein the Court held as follows,

> In giving meaning to the constitutional requirement of effective assistance of counsel, we "must" take its purpose to ensure a fair trial as the guide. The bench mark for judging any claim of ineffectiveness must "wether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

A conviction or convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two (2) components.

[First], the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as counsel guaranteed the defendant by the (Sixth Amendment). [Second], the defendant must show that the deficient performance prejudiced the defense.

This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. The essence of prejudice is that there is a reasonable probability the results of the proceeding would have been different. Ineffective assistance of counsel may be presumed when counsel failed to interview a important witness and move for a continuance to subpoena a important witness for trial. (Walker v. State, "Ockhart"; 807. F. 2d, 136 (8th, Cir, 1986)

[Page-6]

Under the prejudice prong of Strickland, this court should examine counsel's error in light of the strength of the prosecution's case. [Eggleston v. United States, 798, F. 2d, 374, 376 (9th Cir, 1986)]

The prosecution's case was based on the inconsistent testimony of the alleged victim and on an alleged statement the defendant gave the police admitting the rape. However during trial defendant's subsequent denials and explanations rebutted the alleged statement. The alleged victim's inconsistent testimony does not prove (rape first degree). They do prove or show that the prosecution's case was much less than overwhelming, especially considering that most of the inconsistent testimony in the prosecution's case came to light not through defense counsel's cross examination, and evidence presented. (See Medical Report) (Forensic Report Attached)
[Wade v. Armontrout, 798, F. 2d, 304, 307, (8th Cir, 1986)]

[Statement used as evidence] Attorney No questions about how it was obtained, was the Miranda's in effect if so was consent waiver signed by defendant, if not why, was it "the statement" audio tape, who witnessed it.

[Confessions]

Confessions, "The Supreme Court" stated more than a century ago in (Hopt v. Utah, 255, 270 N) "Are Among the most effectual proofs of the law," but by constitutional implications they are admissible as evidence only when given voluntarily. This has long since been the rule in federal courts where the Fifth Amendment clearly applies. A confession, whether written or oral, (but now usually recorded), is simply a statement by a person admitting to the violation of a law. In (Hopt), the court stressed that for a
[Page-7]

that for a confession to be valid it had to be "voluntary," defining as involuntary or coerced any confession that "appears to have been made, either in consequence of inducements of a temporal nature.... or because of a threat or promise.... which, operating on the fears or hopes of the accused.... deprived him of that freedom of will or self-control essential to make his confession voluntary within the meaning of law." In 1896, the Court restated this position, ruling that the circumstances surrounding the confession had to be considered in order to determine if it had been voluntarily made.

[witness] for defendant.

Had trial counsel and appellant counsel interviewed David Williams M.D. and subpoenaed him for trial, trial counsel would have discovered and the jury would have had a detailed explanation of his examination and findings of the alleged victim as set forth in the medical report submitted to the jury by the prosecution. David Williams M.D. testimony would have negated the theory of penetration, in which there is a reasonable probability that the jury would have returned a verdict of not guilty of rape.

> Defendant Basil Evans Caddle is not guilty of the crime of rape first degree or any other sex crime this was placed on him by victims mother out of spite, greed, jealouse rage because defendant was going to go back to his home country. She would'nt have had his Basil Caddle money to club on, drank on. She would have had to work harder. She didn't care about her child she used her

[Page-8]

<u>TO PURJURY THE COURTS, LAW ENFORCEMENT
OFFICERS, D.H.R. AND ESPECIALLY THE D.A.
OFFICE IN HOUSTON COUNTY, ALABAMA</u>

## "Conclusion"

BASIL EVAN CADDLE PRAYS THIS COURT WILL GIVE HIM THE JUSTICE HE DESERVES, which Could only BE A Dismissal of ALL Charges Against Him, GIVE HIM HIS LIFE BACK. MR CADDLE HAS BEEN IN EVERYWAY Fighting These or This Charge For ELEVEN(11) YEARS, These ARE YEARS Lost NEVER TO BE REPLACED FOR A CRIME HE IS'nt(Guilty)OF No MORE That ANYONE IN The Courts Had committed THE Crime, ALL MR CADDLE ASK IS TRUE JUSTICE To BE DONE. THE Victim OR ALLEGED Victim AND HER Mother HAS DONE This To Other MEN, When Is It going To Stop, NEVER PRObAbLY. THE Victim ALLEGED KEEPS oN Crying WOLF PEOPLE W ANt KNOW When It Has OR Had'nt HAPPENED TO HER Cause No One WILL BELEAVE HER. MR CADDLE HAS NEVER Touched This Young LADY IN ANY KIND OF SEXUAL WAY.

[PAGE-9]

[RAPE 1st DEGREE] [13A-6-61]

Sequence (1.) What Constitutes Rape First Degree;

(a.) A person commits the crime of Rape in First Degree if:

(1.) He or She engages in sexual intercourse with a member of the opposite sex by forcible compulsion; or

(2.) He or She engages in sexual intercourse with a member of the opposite sex who is incapable of consent by by reason of being physically helpless or mentally incapacitated; or

(3.) He or She, being 16 years or older, engages in sexual intercourse with a member of the opposite sex who is less than 12 years old.

(B.) Rape 1st Degree is a Class (A) Felony.

without doubt, Forcible Rape is the one sex crime or offense about which there is the most concern, and it is a crime whose statutes are often quite peculiar. In most jurisdictions, Rape is defined as the unlawful carnal knowledge of a female without her consent and against her will. But under todays rules Rape in order to constitute Rape there is one major point that has to be considered, one word "Penatration" was the canal violated, without penatration you can't say there was a crime of First Degree Rape.

[Sequence #2] "Penatration"

A term used in Criminal Law and denoting (in cases of alleged rape) the insertion of the male part into the female parts to however slight an extent and by which insertions the

[Page-10]

OFFENSE IS COMPLETE WITHOUT PROOF OF EMMISSION.
(State V. LORA, 213, KAN, 184, 515, P. 2d, 1086, 1093)

[SEQUENCE #3)]

[RAPE] EVIDENCE TO THE CRIME OF RAPE DOES NOT EXIST IN MR CADDLE CASE, VICTIM TOLD ONE, TWO, THREE, FOUR OR MORE DIFFERENT STORIES ABOUT THIS ALLEGED RAPE, WHY FOR ONE SIMPLE REASON SHE WAS BEING TOLD WHAT TO SAY, DA WAS LEADING HER, HER MOTHER, D.H.R. BUT SOME QUESTION SHE WOULD NOT ANSER WHY BECAUSE SHE WOULDN'T LIE NEVER ONCE DID SHE IN ANYWAY JUST SAY PETITIONER EVER TOUCHED HER.

[ISSUE #2]

<u>CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE TO THE DEFENDANT EVIDENCE FAVORABLE TO THE DEFENDANT.</u>

(a.) WHEN MR CADDLE TRIAL WAS IN MOTION THERE WAS ONE PEACE OF EVIDENCE THE DISTRICT ATTORNEY NEVER LET IT BE PRODUCED OR READ TO THE JURY, IT IS KNOWN IN ALABAMA LAW AS [ALABAMA DEPARTMENT OF FORENSIC SCIENCES REPORT] DUE TO THE DA. AND DEFENSE ATTORNEY NOT PRODUCING THIS PEACE OF EVIDENCE, MR CADDLE WAS FOUND GUILTY OF THE CRIME OF [RAPE FIRST DEGREE] UPON READING THIS PEACE OF EVIDENCE IT PLAINLY PROVES THAT MR CADDLE WAS NOT GUILTY OF THIS CRIME. THE DISTRICT ATTORNEY'S OFFICE OF HOUSTON COUNTY WITHHELD THIS EVIDENCE BUT I SUBMITTED THE DOCTOR'S REPORT, BUT WOULD ALLOW THE DOCTOR TO BE CALLED AS A WITNESS FOR MR CADDLE. [WHY] ANSER FOR HE KNEW IF DR. WILLIAMS TESTIFIED THE JURY WOULD NOT CONVICT DEFENDANT MR CADDLE. EVERY TEST RUN ON MS ROGERS WAS CONCLUDED NEGATIVE NO PENATRATION ACCURED BETWEEN MR CADDLE AND [KRYSTAL ROGERS VICTIM] IF IT WAS PENATRATION FROM A ADULT MALE THE HYMEN WOULD BE BROKE
[PAGE-11]

Results A. Virgin as Doctor said. Doctor said upon starting the Exam "(Possible Sexual Assault)" Victims mother and victim lied or made false statements from the start, Mr Caddle was the Victims "Step Father." Dr. Williams stated in his report no evidence of any erythema, contusion, bleeding, or acute mucous membrane interruption. The hymen is intact to the point where small metal speclum does not pass. [No Penatration].
[False Testimony]

We lean against the false testimony of Human Resources, Ms Kim Pendergrass, and Darlene Brantley, Ms Arrie Dell Rogers, and here daughter victim Krystal Rogers which was corced by Dectective and her mother Arrie.

Based on the evidence at trial there was'nt enough physical evidence to support a conviction of (99 Years) in prison when there was no expert testimony to substantiate the act of rape.
§"15-25-30" [Exparte Therton, 773, So.2d, 436 At 430, ALA, (2000) In In Exparte P.B.S. The Court addressed the admissibility of the state hearsay evidence under the Child Physical and Sexual Abuse Victim Protection "Act." Codified as ALA Code 1975 § 15-25-30-40 The Child alleged to have been the victim of sexual abuse testified at trial and denied that the defendant had subjected her to any sexual contact.

At Trial Krystal Rogers Alledged victim stated to following to the Court under Oath and Questioning.

Q. When Dr Williams, A White Doctor who examined You did'nt you also tell him that Caddle put his penis inside your visina and your anus? You did, Did'nt You? Do You Recall?

A. [Not That I Know Of]
  [Page-12]

[Q.] <u>What about the nurse? Did you tell the nurse that he put his penis inside your virgina and your anus?</u>

[A] <u>No I didn't tell them.</u>   [Vinue]

Basil Evans Caddle contends that this is a case of prosecution misconduct. The prosecution knew that Krystal Rogers was not in anyway raped by Mr Caddle and yet he prosecuted Mr Caddle for the sole purpose just to get him a prison number and to destroy this mans life under sex offenders Act. See (Browax v. State, 865.So. 2d at ALA Court App. 2003)   [Vinue]

[1-2] "In a criminal prosecution the accused has a constitutional right to a trial [i]n the county in which the offense was committed. (Williams v. State, 383.So.2d, 547, 555 (ALA Crim App 1979) [Aff], 883 So.2d 564 (ALA 1980) Quoting <u>ALA. Const of 1901, Art 1 § 6</u> "Unless otherwise provided by law, the vinue of all public offenses is in the county in which the offenses was committed" <u>ALA Code § 15-2-2, 1975.</u>"

[Page-13]

I CERTIFY UNDER PENALTY OF PURJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

EXECUTED ON THIS 28th DAY, MONTH OF February YEAR 2007.

Basil Evans Caddle 181545
[PETITIONER]                    [AIS#]


### Notary

SWORN TO AND SUBSCRIBED BEFORE MY HAND THIS 28th DAY, MONTH OF February YEAR 2007.

_____
[NOTARY PUBLIC]

my commission expires March 18, 2007
[MY COMM EXPIRES]


Basil Evans Caddle 181545
[PETITIONER]                    [AIS#]